FILED
SUPERIOR COURT
GUAM

'12 APR 12 PM 2: 19

CLERK OF COURT

BY _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KEVIN & STEVE CORPORATION,　　　　　) | CIVIL CASE NO. CV0054-11 |
| 　　　　　　　　　　　　　　　　　　) | |
| 　　　　　　　　　Plaintiff,　　　　) | **DECISION AND ORDER** |
| 　　　　　　　　　　　　　　　　　　) | |
| 　　　　　v.　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |
| HANIL ENGINEEERING &　　　　　　) | |
| CONSTRUCTION CO. LTD., YOUNEX　) | |
| INTERNATIONAL and YOUNEX BUILDER) | |
| CORPORATION, and all other persons,　) | |
| unknown, claiming any right, title, estate, lien ) | |
| or interest in the real properties described in　) | |
| the Complaint adverse to Plaintifff's　　) | |
| mechanic's lien, or any cloud upon owner's　) | |
| title thereto,　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |
| 　　　　　　　　　Defendants.　　) | |
| 　　　　　　　　　　　　　　　　　　) | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 16th day of February, 2012, when the Court received a "Notice of Motion and Motion to Withdraw as Counsel," from the attorneys for the Defendants. Attorney Louie J. Yanza represents the Plaintiffs, and Attorney Helkei S. Hemminger represents the Defendants. As more fully discussed below, the motion was not properly filed with the Court; however, in the interests of justice, the Court now issues the following Decision and Order on the matter.

## DISCUSSION

CVR 7.1(e)(2) of the Local Rules of the Superior Court of Guam states in relevant portion: *"Counsel for the parties must file an "Agreement of Hearing Date,"* in a form shown below in Attachment "CVR7.1A." *It shall be the responsibility of the moving party or his attorney to contact the attorney for each party who has entered an appearance . . . ."* CVR Rule 7.1(e)(2)(2012)(emphases added).

Under the Local Rules currently in effect, a party may not file a motion until the party has contacted all parties involved in the case, and filed an "Agreement of Hearing Date" form to be filed with the motion. In this case, the moving parties, the Defendants, have failed to file an "Agreement of Hearing Date" form with their motion as required by CVR 7.1(b) and (e)(2), and instead have submitted a "Notice of Motion" form with a notation that no oral argument is requested.

Because the Defendants have failed to file the required "Agreement of Hearing Date," with the motion to withdraw, the Court has no proof that the Defendants either served or contacted the Plaintiffs regarding the motion. Defendants have also failed to provide the Court with a stamp received copy of the motion to withdraw showing that the Defendants did, in fact, have notice of the motion. Because of this failure to comply with the Local Rules, the Court can only assume that the Plaintiffs were not provided proper notice of the motion.

Pursuant to CVR 7.1(d)(1)(A), "[t]he opposing party shall, not less than fourteen (14) days preceding the noticed date of oral argument, serve upon all parties and file with the clerk: (A) a memorandum of points and authorities upon which the opposing party relies . . . ." CVR Rule 7.1(d)(1)(A)(2012)(emphasis added). A plain reading of both this rule and CVR 7.1(e)(2) and (4) reveals that the time to file an opposition cannot begin to run until the motion has been

given a noticed date of oral argument, i.e.: the parties have agreed to a date, the chamber clerk has cleared that date, and the moving party has filed the date with the motion in an "Agreement of Hearing Date" form; or the Court has taken the oral argument off of the calendar and ordered briefing. Accordingly, as no noticed hearing date was given for the Motion to Withdraw, the time to file an opposition was never triggered, and the Plaintiffs have never filed an opposition, if any was desired.

Under CVR 7.1(k), "[t]he Court need not consider motions, oppositions to motions or briefs or memoranda that do not comply with this Rule," and "the failure to comply fully with this Rule subjects the offender at the discretion of the Court to the sanctions of General Rule 2.1." Sanctions under General Rule 2.1 include "monetary sanctions" and "costs and fees to opposing counsel." Despite this Rule, in order to expedite this case, the Court in its discretion will accept the defective motion, will consider its contentions, and will determine the motion without oral argument pursuant to Rule 78 of the Guam Rules of Civil Procedure and Rule 7.1(e)(1) of the Local Rules of the Superior Court of Guam. Under these rules, oral argument is not mandated in all cases. CVR Rule 7.1(e)(1) states: "[o]ral argument may be denied in the discretion of the judge, except where oral argument is required by statute or the Guam Rules of Civil Procedure." GRCP Rule 78 states in relevant part: "[t]o expedite the business of the court, . . .a judge may by order, make for provisions for the submission *and determination* of motions without oral hearing upon brief written statements of reasons in support and opposition." GRCP Rule 78 (2012) (emphasis added).

Oral argument is not required in this case. Further, it appears that no opposition is necessary or probable. Accordingly, the Court will issue its Decision and Order on the matter without hearing oral argument.

The Defendants' attorney has cited Rule 1.16(a)(3) in the motion to withdraw. This rule directs an attorney as to the attorney's duties when discharged:

> Rule 1.16: Declining or Terminating Representation. (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: (3) the lawyer is discharged.

Guam Rules of Professional Conduct, Rule 1.16(a)(3) (adopted from the ABA Model Rules of Professional Conduct, Rule 1.16 (2007)).

In this case, the Defendants' attorney has declared to the Court that the Defendants have requested to discharge counsel, and that withdrawal is necessary. As there is no evidence of prejudice to any of the parties in this case, under the Guam Rules of Professional Conduct, the Court will grant the request for withdrawal.

## CONCLUSION

After considering the motion, the Court finds that there is a basis for the withdrawal of Defendants' counsel. Based upon the foregoing, the Motion to Withdraw is GRANTED.

**IT IS SO ORDERED** this ___APR 1 2 2012___ .

Original Signed By:
HON. ARTHUR R. BARCINAS

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

APR 1 2 2012
_____ 20 ___

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam